# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>COALINGA STATE HOSPITAL, et al.,<br><br>Defendants. | Case No. 1:17-cv-00917-JLT (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(Doc. 1)**<br><br>**21-DAY DEADLINE** |

Plaintiff alleges that his rights under the Fourteenth Amendment were violated following an incident when the psychiatric technicians assigned to unit nine left their stations to play pinball in the back room. Though Plaintiff has not stated any cognizable claims, he may be able to correct the deficiencies in his pleading. Thus, the Complaint is dismissed with leave to amend.

**A.**     <u>**Screening Requirement**</u>

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss [a case brought under 42 U.S.C. §1983] at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint will be dismissed if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

1

/ / /

**B.** **<u>Pleading Requirements</u>**

    **1.** **Federal Rule of Civil Procedure 8(a)**

When screening, the court applies the requirements found in Federal Rule of Civil Procedure 8(a). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners (and detainees) are still construed liberally and are afforded the benefit of any doubt. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must identify specific facts supporting the existence of substantively plausible claims for relief.

*Johnson v. City of Shelby*, __ U.S. __, __, 135 S.Ct. 346, 347 (2014) (per curiam) (citation omitted).

### 2. Linkage Requirement

The Civil Rights Act (42 U.S.C. § 1983) requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff must clearly identify which Defendant(s) he feels are responsible for each violation of his constitutional rights and their factual basis as his Complaint must put each Defendant on notice of Plaintiff's claims. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

### 3. Eleventh Amendment Immunity

Plaintiff names the Coalinga State Hospital as a defendant. Plaintiff may not sustain an action against a state hospital. The Eleventh Amendment prohibits federal courts from hearing suits brought against an un-consenting state. *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991); *see also Seminole Tribe of Fla. v. Florida*, 116 S.Ct. 1114, 1122 (1996); *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. *See Natural Resources Defense Council v. California Dep't of Tranp.*, 96 F.3d 420, 421 (9th Cir. 1996); *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a

state agency entitled to Eleventh Amendment immunity); *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1989). "Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state by its own citizens, as well as by citizens of other states." *Brooks*, 951 F.2d at 1053 (citations omitted). "The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief is legal or equitable in nature." *Id.* (citation omitted). Because the Coalinga State Hospital is a part of the California Department of Corrections, which is a state agency, it is entitled to dismissal based on Eleventh Amendment.

### C. Summary of the Complaint

Plaintiff is a civil detainee at Coalinga State Hospital ("CSH") pursuant to California's Sexually Violent Predator Act contained within Welfare & Institution Code sections 6600 et seq. ("SVPA"). One so detained is a Sexually Violent Predator ("SVP") which is statutorily defined as an individual with "a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." Welf. & Inst. Code § 6600(a).[1] The SVPA authorizes the involuntary civil commitment of a person who has completed a prison term, but has been given a "full evaluation" and found to be a sexually violent predator. *Reilly v. Superior Court*, 57 Cal.4th 641, 646 (2013); *People v. McKee*, 47 Cal.4th 1172, 1185 (2010).

Plaintiff names psychiatric technicians Ndubuisi Obiha, Ruben Casanova, Robert Chase, and Jason Montijo and state police officers Gerardo Alcala, Stephen Garza, and William McGhee as the defendants in this action. In his first claim, Plaintiff alleges that, on an unspecified date, the four psych-techs left the dayroom unsupervised to play pinball in the backroom or to download movies from the internet. Plaintiff states that this put him in a hostile and dangerous situation. Though not specifically stated, it appears that Plaintiff and another patient got into an altercation which resulted in Plaintiff's nose being broken. In his second claim, Plaintiff alleges

---

[1] California voter-approved Proposition 83 validly extended the term of commitment under the SVPA to an indeterminate period, ensuring the SVP remains in custody until successfully proving he or she is "no longer an SVP or the Department of Mental Health determines he [or she] no longer meets the definition of an SVP." *Bourquez v. Superior Court*, 156 Cal.App.4th 1275, 1287 (2007); Welf. & Inst. Code §§ 6605, 6608(i).

4

that Officers Gerardo, Alcala, and Garza responded to "the second alarm" and sprayed Plaintiff with two cans of O.C. pepper spray despite the fact that Plaintiff was lying on his back fending off another patient who was straddling and attempting to choke Plaintiff. Plaintiff was the only one who was sprayed and received second degree burns on his face because they sprayed him from "close blank range." In his third claim, Plaintiff alleges that after the pepper-spray incident, Officer McGhee pulled Plaintiff's right leg and pulled him approximately 10 feet across the floor causing Plaintiff to bump his head on the floor. At the time this occurred, Plaintiff was lying on the floor obeying the officers' commands.

For the reasons discussed below, Plaintiff's claims against the officers are dismissed since precluded by another action he is currently pursuing in this Court. However, though Plaintiff's failure-to-protect allegations in the first claim are not cognizable, he may be able to correct the noted deficiencies and is given the pleading requirements, standards under which his claim will be reviewed, and leave to file a first amended complaint.

### D. Duplicity of Claims

The Court has discovered that Plaintiff filed another action simultaneously with the present case in this very Court. *See Williams v. Alcala*, case no. 1:17-cv-0916-SAB ("the *Alcala* case"). In that other action, Plaintiff is pursuing Officers Alcala and Garza based on the allegedly excessive use of pepper-spray in the incident stated in the second claim in this action. Plaintiff's claims in this action based on the pepper-spray incident are subject to dismissal as malicious under 28 U.S.C. § 1915 since virtually identical to those that he proceeds on in the *Alcala* case.

"There is no abuse of discretion where a district court dismisses under § 1915(d) a complaint 'that merely repeats pending or previously litigated claims.'" *Cato v. U.S.*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988)); *see also Denton v. Hernandez*, 504 U.S. 25, 30, 112 S.Ct. 1728, 1733 (1992) (recognizing Congress' concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits") (quotation omitted). Duplicative litigation is "an independent ground for dismissal." *Cato,* 70 F.3d at 1105 n. 2. Dismissal of a duplicative lawsuit "promotes judicial

economy and the comprehensive disposition of litigation." *Adams v. California*, 487 F.3d 684, 692-93 (9th Cir.2007), overruled on other grounds by *Taylor v. Sturgell*, 553 U.S. 880 (2008). Likewise, a plaintiff is required to bring all claims that relate to the same transaction or event at one time. *Id.*

The singularity of successive causes of action is determined by reference to the so-called "transaction test." *Id.* That test entails consideration of four criteria; namely, 1) whether the rights or interests established in the initial action would be impaired by prosecution of a second suit; 2) whether substantially the same evidence would be presented in both actions; 3) whether both suits involve infringement of the same right; and 4) whether both suits arise out of the same transactional nucleus of facts. *Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201-02 (9th Cir.1982). The last factor has been deemed the most important. *Id.* at 1202.

The allegations in Plaintiff's second claim in this action are based on the same transactional nucleus of facts that Plaintiff is proceeding on in the *Alcala* case -- that, after the incident in the dayroom took place, he was wrongly sprayed with an excessive amount of pepper-spray at point blank range. Further, Plaintiff's allegations in his third claim that after he was wrongly pepper-sprayed, Officer McGhee pulled him 10 feet by his right leg, causing him to bump his head on the floor is likewise properly dismissed. Plaintiff was required to bring that claim in the *Alcala* case since it is related to the events alleged therein. Thus, Plaintiff's second and third claims are DISMISSED without leave to amend.

### E. **Failure-to-Protect**

Plaintiff's first claim is that the psych techs failed to protect him when they left the dayroom to play pinball and/or to download movies from the internet. To determine whether conditions of confinement of civilly committed individuals have been violated, courts look to the substantive due process clause of the Fourteenth Amendment. *Youngberg v. Romeo*, 457 U.S. 307, 321-22 (1982); *Jones v. Blanas*, 393 F.3d 918, 931-32 (9th Cir. 2004). States are thus required "to provide civilly-committed persons with access to mental health treatment that gives them a realistic opportunity to be cured and released," *Sharp v. Weston*, 233 F.3d 1166, 1172 (9th Cir. 2000) (citing *Ohlinger v. Watson*, 652 F.2d 775, 778 (9th Cir. 1980)), via "'more considerate

1 treatment and conditions of confinement than criminals whose conditions of confinement are
2 designed to punish.'" *Id.* (quoting *Youngberg v. Romeo*, 457 U.S. 307, 322 (1982)).

### 1.     Substantive Due Process

"To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 520 U.S. 1240 (1997); *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998). "The substantive rights of civilly committed persons derive from the Due Process Clause of the Fourteenth Amendment and not the Cruel and Unusual Punishment Clause of the Eighth Amendment." *Endsley v. Luna*, No. CV 06-06961-DSF (SS), 2009 WL 789902, at *4 (C.D.Cal. Mar.23, 2009), (citing *Youngberg v. Romeo*, 457 U.S. 307, 321-22, 102 S.Ct. 2452 (1982)); *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861 (1979); *see also Foucha v. Louisiana*, 504 U.S. 71, 80, 112 S.Ct. 1780 (1992) (person not criminally convicted may be detained if mentally ill and dangerous but may not be "punished").

The substantive component of the Due Process Clause protects civil detainees from unconstitutional conditions of confinement and ensures a plaintiff's right to personal safety while in a state detention facility. *Youngberg v. Romeo*, 457 U.S. 307, 315, 102 S.Ct. 2452 (1982). The Supreme Court has noted that the right to personal security constitutes a "historic liberty interest" protected substantively by the Due Process Clause. *Id.*, (quoting *Ingraham v. Wright*, 430 U.S. 651, 673 (1977)). And that right is not extinguished by lawful confinement. *See Hutto v. Finney*, 437 U.S. 678 (1978). "[T]he due process rights of a pretrial detainee are 'at least as great as the Eighth Amendment protections available to a convicted prisoner.'" *Castro v. County of Los Angeles,* --- F.3d ---, 2016 WL 4268955, *3 (9th Cir. Aug. 15, 2016) (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)).

State officials have a duty "to take reasonable measures to guarantee the safety" of those in their care, which has been interpreted to include a duty to provide for their protection. *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (citing *Farmer*, 511 U.S. at 832-33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of this duty, a plaintiff must "show that the prison officials acted with deliberate indifference." *Castro*, at *4. A civil detainee need only show that a prison official purposely or knowingly subjected him to a risk of serious harm that was objectively unreasonable and need not show the defendant's subjective state of mind. *Castro v. County of Los Angeles,* --- F.3d ---, 2016 WL 4268955, *5-6 (9th Cir. Aug. 15, 2016) (citing *Kingsley v. Hendrickson*, --- U.S. ---, 135 S.Ct. 2466, 2472-73 (2015)).

The elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim against an individual officer are:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro*, at *7. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the "facts and circumstances of each particular case." ' " *Castro*, at *7 (quoting *Kingsley*, 135 S.Ct. at 2473 (quoting *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865 (1989)) (*ref.* Restatement (Second) of Torts § 500 cmt. a (Am. Law Inst. 2016) (recognizing that "reckless disregard" may be shown by an objective standard under which an individual "is held to the realization of the aggravated risk which a reasonable [person] in his place would have, although he does not himself have it")).

Plaintiff alleges that the psych-techs intentionally left the dayroom where Plaintiff and other patients were gathered. However, Plaintiff does not state any allegations to show that this

placed him at a substantial risk of suffering serious harm, nor does he state allegations to show that measures to abate the risk were not taken or a basis to find that reasonable officers would have appreciated that the situation exposed Plaintiff to a high degree of risk. Thus, Plaintiff's first claim is not cognizable, but he is given leave to amend it as he may be able to correct the deficiencies in his allegations.

### F. <u>Order</u>

For the reasons set forth above, Plaintiff's Complaint is dismissed with leave to file a first amended complaint **within 21 days**. If Plaintiff no longer desires to pursue this action, he may file a notice of voluntary dismissal. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than **21 days** from the date of service of this order.

Plaintiff must demonstrate in any first amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The first amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's first amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

///
///
///
///

Plaintiff is further advised that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints), and may only attempt to cure the deficiencies identified in this order as to his first claim. He may not re-allege any claims arising out of the pepper-spray incident against the officers.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form; and
3. **Within 21 days** from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal.

**If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim**.

IT IS SO ORDERED.

   Dated:   **November 3, 2017**                    **/s/ Jennifer L. Thurston**
                                                                     UNITED STATES MAGISTRATE JUDGE