UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>RUBEN CASANOVA, et al.,<br><br>        Defendants. | Case No.: 1:17-cv-00917-JLT (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S RESPONSE TO PRODUCTION REQUESTS<br><br>(Doc. 35) |

Pursuant to Federal Rule of Civil Procedure 37(a) and Local Rule 230(l), Defendant Chase moves for an order compelling Plaintiff to respond to Defendant's request for production of documents, set one. (Doc. 35.) Defendant propounded the production requests, plus interrogatories and requests for admission, on July 12, 2019, (Doc. 35 at 2, 4). To date, Plaintiff has not responded to any of the discovery requests. (*Id.*) Plaintiff has not filed any opposition or a statement of non-opposition to Defendant's motion; and, the time to do so has passed. Local Rule 230(l). The Court thus deems the motion submitted.

I. **BACKGROUND**

    a. **Plaintiff's Allegations**

Plaintiff Williams is civilly detained at Coalinga State Hospital. He alleges that, on October 26, 2015, patient Corey Bell attacked him in the dayroom of Unit Nine, breaking his nose. (Doc. 17 at 5-6.) Plaintiff alleges that Defendants Casanova, Obiha, Montijo, and Chase, all

hospital psychiatric technicians, had abandoned their duties and were playing pinball or watching movies, allowing Plaintiff to be attacked. (Doc. 17 at 2-3, 5-6.) According to Plaintiff, Unit Nine is a "highly secured any supervise[d] unit," and patients in this unit must be supervised by "one psych tech and one DSP officer." (*Id.* at 3-4.) Plaintiff also states that Bell is known to be hostile and dangerous, and that Bell broke another patient's nose and cheek bone just prior to the October 26, 2015 incident. (*Id.* at 4.)

### b. Defendant's Requests for Production

Defendant Chase propounded his first and only set of production requests on July 12, 2019. (*See* Doc. 35 at 1, 4.) The set includes fifteen requests, copied below:

1. "All documents … that show, evidence, or demonstrate the length and reason for your detention at Coaling. [sic] State Hospital (CSH) on and before October 26, 2015."
2. "All documents … that show, evidence, or demonstrate that 'Unit 9 Specialize Service Unit is a highly secured and supervise unit' at CSH, as alleged in the third amended complaint."
3. "All documents … that show, evidence, or demonstrate that patient Corey Bell had 'just recently broke another patient cheek bone and nose prior to the incident that happened on October 26, 2015,' as alleged in the third amended complaint."
4. All documents … that show, evidence, or demonstrate that it was a 'well known fact that patient Corey Bell is a hostile, dangerous, and assaultive patient that pose a security threat to the institution and jeopardize a safety risk around other patients if and when unsupervised,' as alleged in the third amended complaint."
5. "All documents … that show, evidence, or demonstrate that you informed, or reported to, any Defendant or CSH staff any safety concern or concerns you had for your safety being around Bell or in the vicinity of Bell before October 26, 2015."
6. "All documents … that show, evidence, or demonstrate that Defendants Chase and Montijo were 'watching movies on the internet' inside the Nurse's Station instead of supervising the dayroom on October 26, 2015, as alleged in the third amended complaint."

7. "All documents … that show, evidence, or demonstrate that Defendants Casanova and Obioha abandoned their posts in the dayroom and were playing pinball in the recreational room on October 26, 2015, as alleged in the third amended complaint."

8. "All documents … that show, evidence, or demonstrate all the injuries, harm, and damages you contend you sustained as a result of Defendants' conduct on October 26, 2015, as alleged in the third amended complaint."

9. "All documents … that show, evidence, or demonstrate the medical treatment you received for the injuries you sustained as a result of being 'sucker punched' by Bell on October 26, 2015, as alleged in the third amended complaint."

10. "All documents … that show, evidence, or demonstrate any medical condition or symptom you continue to experience as a result of Bell's 'sucker punch' on October 26, 2015, as alleged in the third amended complaint."

11. "All documents … that show, evidence, or demonstrate any prior broken nose or injury to those parts of your body that you allege Bell injured as a result of his punching you on October 26, 2015, as alleged in the third amended complaint."

12. All documents … that show, evidence, or demonstrate any complaint you filed or request that criminal charges be filed against Bell as a result of his punching you on October 26, 2015, as alleged in the third amended complaint."

13. "All documents … that show, evidence, or demonstrate any correspondence or communication between you and Bell concerning the events of October 26, 2015 at CSH. This request includes both physical altercations that occurred between Plaintiff and Bell on October 26, 2015."

14. "All documents …, including affidavits, declarations, letters, notes, or statements, that you have obtained or received from any patient or inmate concerning the Defendants' conduct or the events that occurred at CSH on October 26, 2015, as alleged in the third amended complaint."

15. "All documents …, including affidavits, declarations, statements, letters, notes, or calendar or diary entries that you created or generated before filing this lawsuit, that

|   |   |
|---|---|
| 1 | memorialize the Defendants' conduct or the events that occurred at CSH on October |
| 2 | 26, 2015, as alleged in the third amended complaint." |
| 3 | (Doc. 35, Ex. A, "Defendant Chase's Request for Production of Documents to Plaintiff, Set |
| 4 | One.") |

## II. DISCUSSION

Parties may seek "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." Fed. R. Civ. P. 26(b)(1). Information "need not be admissible in evidence to be discoverable." (*Id.*). Within this general scope, a party may serve on any other party a request to produce documents, electronically stored information, or tangible things that are in the responding party's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand. *Allen v. Woodford*, No. 1:05-cv-01104-OWW-LJO, 2007 WL 309945, at *2 (E.D. Cal. 2007) (citation omitted). "The party to whom the request is directed must respond in writing within 30 days after being served…." Fed. R. Civ. P. 34(b)(2)(A). In response to each request, the responding party must state that it will produce the requested documents, information, or things, or the party must "state with specificity the grounds for objecting to the request." Fed. R. Civ. P. 34(b)(2)(B).

If a party fails to produce documents as requested, the party seeking discovery may file a motion with the Court to compel production. Fed. R. Civ. P. 37(a)(3)(B)(iv). In general, the moving party must certify that she has conferred or attempted to confer in good faith with the responding party to resolve the dispute without court action. Fed. R. Civ. P. 37(a)(1); Local Rule 251(b). However, in prisoner cases involving *pro se* plaintiffs, the meet-and-confer requirements of Rule 37 and Local Rule 251 do not apply, though they are still encouraged. (*See* Doc. 33 at 2.)

Plaintiff has neglected to produce documents or otherwise respond to Defendant's requests for production of documents. (Doc. 35 at 2, 4.) Request Nos. 2 through 15, listed above, directly and explicitly relate to the allegations in Plaintiff's complaint. Thus, these requests are within the scope of discovery authorized by Rule 26(b), and Plaintiff must respond to them. If

Plaintiff does not have documents responsive to any of these requests, or if the documents do not exist, then Plaintiff must state so with enough specificity to allow the Court to evaluate the merit of the response or whether Plaintiff has made a reasonable inquiry. *See Ochotorena v. Adams*, No. 1:05-cv-01524-LJO-DLB, 2010 WL 1035774, at *4 (E.D. Cal. 2010); *Uribe v. McKesson*, No. 1:08-cv-01285-DSM-NLS, 2010 WL 892093, at *3 (E.D. Cal. 2010).

Request No. 1, however, does not relate to any allegation in Plaintiff's complaint; and, the Court does not see how the length and reason for Plaintiff's detention at Coalinga State Hospital is relevant to a claim or defense in this action. Thus, the Court finds that Plaintiff need not respond to this request.

### III. CONCLUSION AND ORDER

For the reasons set forth above, the Court **ORDERS**:

1. Defendant Chase's motion to compel Plaintiff's response to production requests, (Doc. 35), is **GRANTED**;
2. **Within 21 days** from the date of service of this order, Plaintiff shall serve responses to Request Numbers 2 through 15 of Defendant Chase's Request for Production of Documents to Plaintiff, Set One, served on July 12, 2019.

In general, the Court must award costs to the moving party if it grants her motion to compel; however, the court must not order such payment if "the movant filed the motion before attempting in good faith to obtain the … discovery without court action." Fed. R. Civ. P. 37(5)(A). Since, as noted above, the meet-and-confer requirement does not apply here, and defense counsel does not state that she attempted to meet and confer, (*see* Doc. 35 at 4), the Court does not award costs.

IT IS SO ORDERED.

Dated: __December 2, 2019__                 __/s/ Jennifer L. Thurston__
                                            UNITED STATES MAGISTRATE JUDGE